**Jean APPLE, as Administratrix of the Estate of Denise Smith, Deceased, Plaintiff,**

v.

**JEWISH HOSPITAL AND MEDICAL CENTER, Lesly Kernisant, and William Adel Aziz, Defendants.**

No. CV–83–0440.

United States District Court, E.D. New York.

Sept. 13, 1983.

Alfred Julien, Julien, Schlesinger & Finz, New York City, for plaintiff.

Richard W. Derby, Bower & Gardner, New York City, for defendant Jewish Hosp. and Medical Center.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. by Kathleen A. Haggerty, Sp. Asst. U.S. Atty., for the United States.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

There are two motions before the court arising out of an alleged incident of medical malpractice concerning defendant Dr. Lesly Kernisant. At the time of the incident in question Dr. Kernisant was a member of the National Health Services Corps affiliated with the Mid-Brooklyn Health Association.

The United States has moved for dismissal of the action against Dr. Kernisant, alleging that the Dr. was a Federal employee and is therefore immunized from suit in this action; and to substitute the United States as defendant in this action. Plaintiff has opposed the government's motion

and has cross-moved to remand the action in its entirety to the Supreme Court of the State of New York, claiming the Doctor was an independent contractor, and not an employee of the Federal government.

For the reasons set forth below the motion of the United States is hereby granted.[1]

The operative facts are as follows. On April 24, 1981, the date of the alleged incident of medical malpractice performed on the plaintiff's decedent, Dr. Lesly Kernisant was a member of the National Health Services Corps ("the Corps"). Complications attendant to a Caesarian delivery performed by Dr. Kernisant resulted in the death of plaintiff's decedent on May 1, 1981.

The application of the United States to dismiss this action against Dr. Kernisant and to substitute the United States as defendant in this action is premised on its contention that Dr. Kernisant's membership in the Corps serves to immunize him from suit pursuant to 42 U.S.C. § 233(a), (c) (exclusive remedy for damage allegedly resulting from performance of medical functions by officer or employee of the Public Health Service acting within the scope of his/her employment is that provided by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2672, et seq.).

The plaintiff's opposition to the government's motion is based upon her contention that Dr. Kernisant was not an employee of the Federal government but "an independent contractor" amenable to suit in state court.[2]

The standard for distinguishing between independent contractors and employees of the Federal government was articulated by the United States Supreme Court in *Logue v. United States* and *United States v. Orleans.* These authorities establish that the distinction inheres in whether the United States has the "authority to physically supervise the conduct" of the alleged independent contractor or employee. *Logue v. United States,* 412 U.S. 521, 530, 93 S.Ct. 2215, 2220, 37 L.Ed.2d 121 (1973). *See also United States v. Orleans,* 425 U.S. 807, 818, 96 S.Ct. 1971, 1977, 48 L.Ed.2d 390 (1976) (test is whether the United States has the "power to supervise" daily operations).

■ Federal regulations pertinent to the supervision of members of the National Health Services Corps make it clear that the United States held such power over Dr. Kernisant and was indeed his employer:

> Who will supervise and control the assigned personnel?
>
> Assigned National Health Service Corps personnel will at all times remain under the direct supervision and control of the Secretary [of Health and Human Services]. Observance of institutional rules and regulations by the assigned personnel is a mere incident of the performance of their Federal functions and does not alter their direct professional and administrative responsibility to the Secretary.

42 C.F.R. § 23.12.

Moreover, as a member of the National Health Services Corps Dr. Kernisant was paid a salary on a bi-weekly basis, with

---

1. As the court has granted the United States' motion, plaintiff's motion to allow this case to remain in its entirety in State court is accordingly denied.

2. Plaintiff cites *Wood v. Standard Products Co., Inc.,* 671 F.2d 825 (4th Cir.1982) in support of its position that Dr. Kernisant was an "independent contractor" for the Federal government. In *Wood* a private physician contracted with the United States Public Health Service to furnish outpatient medical care as a "contract physician" to fishermen-seamen entitled to medical care by the Public Health Service under 42 U.S.C. § 249. 671 F.2d at 829. The "contract physician" in *Wood* was not a member of the National Health Services Corps receiving a regular bi-weekly paycheck from the

Federal government as was Dr. Kernisant. Rather, pursuant to his contract with the Public Health Service, the physician in *Wood* billed the government for each incident of service rendered. Moreover, in the contract entered into between the Public Health Service and the physician in *Wood* there was "no provision . . . purporting in any way to prescribe or control the manner of performance by the 'contract physician'." 671 F.2d at 830. Such absence of control clearly distinguishes the "contract physician" in *Wood* from Dr. Kernisant in the instant case who as a member of the National Health Services Corps remained at all times "under the direct supervision and control of the Secretary [of Health and Human Services]." 42 C.F.R. § 23.12.

taxes and federal pension contributions deducted. While this fact alone is not dispositive of the issue of Dr. Kernisant's relationship with the Federal government, it further suggests that this relationship was one of employee-employer.

For the above reasons this court finds that Dr. Kernisant was an employee of the Federal government during the time of his alleged incident of malpractice performed on the plaintiff's decedent. Moreover, the Attorney General has certified that Dr. Kernisant was acting within the scope of his employment at the time of the incident out of which this suit arose. *See* Affidavit of Karst J. Besteman, annexed to the Declaration in Support of Motion to Substitute, Dismiss, and Remand by Kathleen A. Haggerty as Exhibit A.

■ In such an instance where a defendant employee of the National Health Services Corps is certified by the Attorney General to have acted within the scope of his employment, the provisions of 42 U.S.C. § 233(c) are clear: the proceeding will be "deemed a tort action brought against the United States."

Accordingly, the United States' motion to dismiss this action against Dr. Kernisant and to substitute the United States as defendant is hereby granted.

So ordered.