Christine **KOEHLER**, as Administratrix of the Goods, Chattels and Credits of Paul C. Koehler, Plaintiff,

v.

**CORTLAND MEMORIAL HOSPITAL;** Anne Marie Zimmerman, M.D.; Robert Eberly, M.D.; and J. Lee Ambrose, M.D., Defendants,

No. 98–CV–555.

United States District Court,
N.D. New York.

Sept. 29, 1999.

John P. Fitzmaurice, Fitzmaurice, Timone Law Firm, Tuckahoe, NY, for plaintiff.

David Louis Niefer, Levene, Gouldin Law Firm, Binghamton, NY, William F. Larkin, Ausa, Office of the United States Attorney, Syracuse, NY, Charles O. Ingraham, Aswad, Ingraham Law Firm, Binghamton, NY, for Cortland Memorial Hospital, Anne Marie Zimmerman, M.D., Robert Eberly, M.D., J. Lee Ambrose, M.D., defendants.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

On or about October 3, 1997, plaintiff instituted this action in the Supreme Court of the State of New York, County of Cortland, alleging wrongful death as a result of the negligent medical care and treatment provided by the defendants to Paul Koehler on October 6, 1995. The suit named Cortland Memorial Hospital; Anne Marie Zimmerman M.D.; Robert Eberly, M.D.; and J. Lee Ambrose, M.D. as defendants. In April, 1998, pursuant to 42 U.S.C. § 233(a) and (c), the United States removed this action from the New York state court to the United States District Court for the Northern District of New York.

Pursuant to the requirements of 42 U.S.C. § 233(c), the Office of the United States Attorney certified that at all times alleged in plaintiff's complaint, after March 27, 1995, Anne Marie Zimmerman, M.D., was an employee of the Family Health Network of Central New York, Inc., which had been declared eligible for Federal Tort Claims Act ("FTCA") malpractice coverage on March 27, 1995. The coverage was confirmed in a letter to the health care organization from the Assistant Surgeon General dated March 28, 1995. The letter stated that the Family Health Network of Central New York, Inc., and its employees and full-time contractors, were covered by the Federally Supported Healthcare Centers Assistance Act of 1992. The effective period of eligibility for FTCA malpractice protection was March 27, 1995 to December 31, 1995, and included the date the alleged malpractice took place. The United States Attorney maintains that this coverage now permits the United States to be substituted as a defendant for Dr. Zimmerman because it converted plaintiff's state law complaint against Dr. Zimmerman and the allegations against her contained therein, into a tort action against the United States governed by provisions of the FTCA, 28 U.S.C. § 2671, *et seq.*

The United States Attorney further asserts, that once the United States becomes a substitute defendant, the action against it should be dismissed without prejudice for failure to exhaust administrative remedies. Title 28 U.S.C. § 2675(a) of the FTCA directs that Federal courts may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency. *Wisner v. United States*, 154 F.R.D. 39 (N.D.N.Y.1994). This notice of claim requirement of the FTCA is strictly construed, as the FTCA constitutes a limited waiver of the United States' sovereign immunity. *Richland–Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F.Supp. 400 (D.S.C.1994).

The United States Attorney has presented the Declaration of Elizabeth Jordan Gianturco, Chief, Litigation Branch, Division of Business and Administrative Law, Office of the Counsel General, Washington D.C., which states that a review of administrative claims received by the United States Department of Health and Human Services does not show that plaintiff ever presented the required administrative claim to that agency.

From the above, it is clear that United States' motion for defendant substitution and complaint dismissal should be granted without prejudice. Moreover, plaintiff's counsel concedes in his reply papers that these motions should be granted. If these motions are granted, only the three state defendants would remain in the law suit. Plaintiff's attorney urges the court not to remand the case back to the New York state court in light of the fact that plaintiff intends to reinstitute an action in the Northern District against the United States if her administrative claim is denied. Counsel reasons that judicial economy dictates that this action should remain in the District Court and later be consolidated with plaintiff's action. If the case is remanded and plaintiff commences a new federal action, the United States Attorney would have to start a third party

action to bring the co-defendants back into the federal action. Retention would also avoid duplication of disclosure in state court in which the United States Attorney would not be involved. The United States does not oppose this request.

The motion to substitute the United States as a defendant for Dr. Zimmerman will be granted. Title 42 U.S.C. § 233(a) provides that the remedy for damages against the United States for damage for personal injury including death from the performance of medical, surgical, dental or related functions by an employees of the Public Health Service while acting within the scope of employment, shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee whose act or omission gave rise to the claim.

Title 42 U.S.C. § 233(c) provides that upon certification of the Attorney General that the defendant was acting within the scope of his or her federal employment at the relevant time, the action may be removed to federal court anytime prior to trial and would thereafter be "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto."

Title 42 U.S.C. § 233(g) contains the procedure for certain entities and their employees which receive federal grants under one of four statutory programs to be deemed to be employees of the Public Health Service for purposes of the exclusive remedy provision of § 233(a). Employees of Family Health Network of Central New York are included in the category of "community health centers."

Family Health Network of Central New York had Federal Tort Claims Act coverage and Dr. Zimmerman was an employee acting within the scope of her employment as Public Health Service Employee at the time of the allegations in plaintiff's complaint. Therefore, plaintiff's sole remedy regarding any claims based upon her alleged acts or omissions are deemed tort actions brought against the United States,

and subject to removal to the Federal court. *Apple v. Jewish Hospital and Medical Center,* 570 F.Supp. 1320, 1322 (E.D.N.Y.1983).

The United States will also be dismissed as a defendant without prejudice because the record clearly shows that the plaintiff has not yet met the administrative claim filing requirements of 28 U.S.C. § 2675(a). The statute's explicit direction that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" is perfectly clear. *McNeil v. United States,* 508 U.S. 106, 110, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993). Filing a claim under this statute is a jurisdictional necessity and a precursor to invoking the judicial process against the United States for damages stemming from actionable behavior by a federal employee. *Id.*

After the dismissal of the United States as a party, the case against the remaining state defendants should be remanded to the New York State Supreme Court, Cortland County.

■■■ "[P]endant jurisdiction is a doctrine of discretion not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 16 L.Ed.2d 218 (1966). Because the federal claim will be dismissed in this case, there remains no independent basis for federal jurisdiction. "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. *See also* 28 U.S.C. § 1367(c)(3) (codifying existing case law and giving district courts discretion to decline to exercise supplemental jurisdiction where "the dis-

trict court has dismissed all claims over which it has original jurisdiction").

Additional considerations are the possibility that Anne Marie Zimmerman, M.D., the sole federal defendant, could be eliminated from the case if plaintiff's administrative remedies are successful, and the fact that both parties agree that this court should retain jurisdiction is not, in itself, sufficient to grant continuing jurisdiction to a federal court. *Blount v. Peerless Chemicals (P.R.) Inc.* 316 F.2d 695, 696 (2d Cir.1963), *cert. denied,* 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963).

## CONCLUSION

Based upon the foregoing, the court grants the United States' motions to substitute itself as a Defendant for Anne Marie Zimmerman, M.D., and to dismiss the complaint as against the United States, and remands the case to the New York State Supreme Court, Cortland County. **IT IS SO ORDERED.**