Rose Marie SANTIAGO ROSARIO,
et. al., Plaintiffs,

v.

ESTADO LIBRE ASOCIADO
DE PUERTO RICO, et.
al., Defendants.

No. Civ A 99–1346(JP).

United States District Court,
D. Puerto Rico.

June 9, 1999.

Felix A. Rodriguez Mejia, Hato Rey, PR, for plaintiffs.

Jose Javier Santos Mimoso, United States Attorney's Office, Hato Rey, PR, for defendants.

*OPINION & ORDER*

PIERAS, Senior District Judge.

**I. Introduction and Background**

The Court has before it the United States of America's Motion to Substitute Eo Nomine Defendant (**docket No. 3**), United States of America's Motion to Dismiss (**docket No. 4**), Plaintiffs' Motion in Opposition to Motion to Dismiss (docket No. 7), and United States' Reply to Oppo-

sition to Motion to Dismiss (docket No. 10). Plaintiffs filed a complaint with the Commonwealth of Puerto Rico Court of First Instance, Guayama Part ("state court"), on September 10, 1998 stating claims of medical malpractice for the treatment of Danny Rivas Santiago against the Commonwealth of Puerto Rico, Hospital Pediátrico Universitario, Dr. Antonio Ortíz, Centro de Diagnóstico y Tratamiento de Patillas, Episcopal Cristo Redentor de Guayama, Dr. Alejandro Buitrago, Hospital doctors from A–Z, Insurance Company from A–Z, and Unknown Personnel from A–Z.

Plaintiffs are Rose Marie Santiago Rosario and Ismael Rivas Santiago, parents of Danny Rivas Santiago; Evelyn Santiago, aunt of Danny Rivas Santiago; and Ismael Obed Rivas Santiago, Keisha Rivas Santiago, Josué Rivas Santiago, Lisette Rivas Santiago, Zuleika Rivas Santiago, Rosa Marzia Santiago, and Rodolfo Rivas Santiago, siblings of Danny Rivas Santiago. On April 1, 1999, Co-defendant Centro de Servicios Primarios de Salud de Pattillas ("Centro de Patillas") filed a Notice of Removal stating that the Court has jurisdiction over the Complaint pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(a), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). Centro de Patillas asserts in its Notice of Removal that it has been deemed a Public Health Service entity, acting within the scope of its federal grant, and thus, removal is proper.

On April 15, 1999, the United States of America moved the Court to be substituted for Centro de Patillas as the party defendant in the instant case. The United States asserts that pursuant to the FSHCAA and FTCA, once removal of an action is notified, such action is deemed to be a proceeding against the United States. On the same date, the United States moved to dismiss the above-captioned Complaint because the Court lacks subject matter jurisdiction under the FTCA. The United States argues that Plaintiffs did not file an administrative claim nor exhaust their administrative remedies prior to filing their Complaint in local court, and therefore, under the FTCA, the Court must dismiss their claim.

Plaintiffs filed a motion opposing the motion to dismiss, arguing that this case should be sent back to the Guayama court.[1] Plaintiffs first note that the suit was never brought against the United States, nor is there any information that the United States has an interest in Centro de Patillas, and that therefore, the FTCA cannot bar the suit. In addition, Plaintiffs point out that no evidence has been presented regarding whether the individual defendants are commissioned officers or employees of the "Public Health Service". Further, Plaintiffs state that the Commonwealth of Puerto Rico cannot be sued in federal court, and thus, the case should be remanded to state court. Finally, Plaintiffs claim that the motion should be treated as a motion for summary judgment, and that such a motion is premature at this stage. Plaintiffs ask that the case be sent back to state court, or in the alternative, that the case against the Centro de Patillas be dismissed without prejudice so that an administrative claim can be filed.

## II. Discussion

█ The Court first **GRANTS** the United States' Motion to be substituted as named Defendant in this action. The United States Attorney issued a certification on March 31, 1999 stating that beginning on June 23, 1996, Centro de Patillas was a Public Health Service entity covered by 42 U.S.C.A. § 233(a), and that it was still so deemed at the time of the conduct

---

1. The Court notes that although Plaintiffs do not title their motion a "motion to remand," and in fact, mislabel the United States' Notice of Removal as a "Motion to remanded [sic]," the Court construes their argument as a motion to remand.

alleged in the Complaint. Pursuant to section 233 of Title 42:

Upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial .... and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c). In the instant case, there are no individual doctors or other employees named as defendants aside from "Hospital doctors from A–Z" and "Unknown Personnel from A–Z." Thus, the Attorney General Certification is not deficient for only certifying that "Centro de Servicios Primarios de Salud de Patillas, Inc., was deemed a Public Health Service entity covered by 42 U.S.C.A. § 233(a) on June 23, 1996 and still deemed so at the time of the conduct alleged in the complaint." Thus, the Court finds the removal and substitution of the United States as Defendant to be proper. *See Indart v. United States of America,* No. 98–CV–4092(ILG) 1998 WL 846774 at *2 (E.D.N.Y. Oct.6, 1998) (removal proper notwithstanding absence of physician defendants from Notice of Removal).

Regarding Defendant United States' Motion to Dismiss, the Court first addresses Plaintiffs' contention that the Court cannot adjudicate the motion as a motion to dismiss because the United States has included various exhibits with its motion, namely the declaration of an Officer of the Department of Health and Human Services and a letter from the Assistant Surgeon General regarding Centro de Patillas' certification under the FTCA. The United States' Motion is a motion challenging the Court's subject matter jurisdiction under the FTCA, and this is a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The issue of subject matter jurisdiction may be raised at any time during a proceeding, either by the parties or by the Court sua sponte, and if at any point it becomes clear that the court lacks subject matter jurisdiction, it must dismiss the action. *See McNutt v. General Motors Accept. Corp.,* 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Chaparro–Febus v. Local 1575,* 983 F.2d 325, 329 n. 4 (1st Cir.1992). In considering whether it has jurisdiction over the subject matter of an action, the court may consider extra-pleading material, such as affidavits and testimony. *See Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1236 (1st Cir.1991); *Rodriguez v. S K & Co.,* 833 F.2d 8, 9 (1st Cir.1987). In addition, a motion to dismiss for a lack of subject matter jurisdiction should not be adjudicated "on the merits." *See Rivera Sanchez v. Mars, Inc.,* 30 F.Supp.2d 187, 190 (D.Puerto Rico 1998) (Pieras, J.) (quoting *Stanley v. Central Intelligence Agency,* 639 F.2d 1146 (5th Cir.1981)). Since the granting of summary judgment is a disposition based on the merits of the case, "a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject matter jurisdiction." *Id.* The Court, thus, rejects Plaintiffs' contention that it should wait to adjudicate the challenge to the Court's subject matter jurisdiction, and will address the United States' motion including the supporting evidence.

In examining the affidavit attached to Defendant's Motion to Dismiss which is not disputed by Plaintiffs, it is clear that Plaintiffs have not filed an administrative tort claim with the Department of Health and Human Services. Defendant asserts that this fact requires the Court to dismiss the Complaint so that Plaintiffs can first exhaust their administrative remedies prior to filing a law suit. Once the United States has determined an entity to be an employee of the Public Health Service, it

then extends the protections of the FTCA. Specifically, under § 233(a), the FTCA is the exclusive remedy for claims of medical malpractice against the United States committed by Public Health Service employees.

■ A lawsuit under the FTCA is "unlike a suit against a private person, [because] the Congress has created an administrative procedure that claimants must follow and exhaust. This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed." *Santiago–Ramirez v. Secretary of the Department of Defense,* 984 F.2d 16, 18 (1st Cir.1993) (citing 28 U.S.C. § 2675). Under § 2675, a claimant must first present a claim to the appropriate federal agency and the claim must be denied prior to instituting a court action against the United States. This administrative exhaustion requirement is a non-waivable jurisdictional requirement, as "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system...." *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The fact that Plaintiffs were unaware of the fact that Centro de Patillas was a Public Health Service or that the United States was involved does not waive the administrative exhaustion requirement. Both the FTCA and FSHCAA provide procedural protections for Plaintiffs who failed to first file an administrative claim with the appropriate agency. *See* 42 U.S.C. 233(c)[2]; 28 U.S.C. 2679(d)(5)[3]; *Warren v. Joyner,* 996 F.Supp. 581, 584–85 (S.D.Miss.1997) (granting motion to dismiss for failure to exhaust administrative remedies and discussing statutory protections). Thus, even though Plaintiffs may be inconvenienced by their failure to first file an administrative complaint with the Department of Health and Human Services, they will not be prejudiced because the running of any statute of limitations period will have been suspended during the pendency of their civil action.

### III. Conclusion

Based on Plaintiffs' failure to exhaust their administrative remedies, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims against the United States so that they can file the appropriate administrative claim. In addition, after examining Plaintiffs' Complaint at the time of removal, the Court finds no other basis for federal jurisdiction. *See Commonwealth of Puerto Rico v. Euro Pacific Bank, Ltd.,* 661 F.Supp. 1082, 1083 (D.Puerto Rico 1987) (Pieras, J.) (citations omitted). Thus, the Court **GRANTS** Plaintiffs' motion to remand the remaining claims back to the state court.

**IT IS SO ORDERED.**

2. Section 233(c) states:

That where such a remedy [remand to state court] is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law [FTCA], the case shall be dismissed, but in the event of the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

3. Section 2679(d)(5) provides:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim [to the appropriate agency] pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the action.