**Jeanina CELESTINE, Plaintiff,**

v.

**MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, Defendant.**

**No. 03 CIV.4297(CM).**

United States District Court, S.D. New York.

Oct. 28, 2003.

Michael P. Bloomfield, Bronx, NY, for Jeanina Celestine, plaintiff.

Lara K. Eshkenazi, United States Attorney Office, New York City, for Mt. Vernon Neighborh, Mount Vernon Neighborhood Health Center, defendant.

DECISION AND ORDER GRANTING THE MOTION TO SUBSTITUTE THE UNITED STATES AS THE PARTY DEFENDANT, DENYING PLAINTIFF'S CROSS–MOTION TO REMAND AND DISMISSING COMPLAINT FOR WANT OF JURISDICTION

MCMAHON, District Judge.

## FACTS

On or about September 3, 2002, plaintiff commenced a medical malpractice action against Defendant Mount Vernon Neighborhood Health Center ("Mount Vernon Health") in the State Supreme Court, Westchester County, by filing a "Summons with Notice" pursuant to N.Y. CPLR § 305(b). The Summons with Notice was properly served upon Carole Morris. Carole Morris is the Executive Director of Health & Human Services. In her summons, Plaintiff states the nature of the action as follows: "to recover damages for personal injuries sustained as a result of the negligence and malpractice of the Defendants on or about the 7th day of March, 2000." Eshkenazi Decl., Ex A.

Pursuant to the Public Health Service Act ("PHS Act"), Mount Vernon Health, as a federally supported health care facility in New York, was deemed to be an employee of the United States Public Health Service ("the PHS"), a Government agency, effective June 23, 1996, for purposes of tort actions seeking damages for personal injury resulting from the performance of medical-related functions. *See* 42 U.S.C. § 233(a), (g) and (h); Eshkennazi Decl., Ex. B, Declaration of Constance L. Foster, dated May 30, 2003 ("Foster Decl.") at ¶ 5; *Id.*, Ex. 1 ("Deeming Letter").

On May 30, 2003, the Department of Health and Human Services notified the United States Attorney's Office of the Southern District of New York of plaintiff's pending case in state court and requested that it be removed to federal court. Supplemental Declaration of Constance L. Foster, dated October 10, 2003.

On June 12, 2003, James Comey, the United States Attorney for the Southern District of New York certified, pursuant to 28 U.S.C. § 2679(d), that Mount Vernon Health, as an entity, was acting within the scope of its defined employment as an employee of the United States at the time of the incident described in the summons. Mr. Comey further certified that, pursuant to 42 U.S.C. § 233(g), Defendant is deemed to be an employee of the United States of America (the "United States" or the "Government") for purposes of the Federal Tort Claims Act only for any acts or omissions that occurred on or after June 23, 1996. Eshkenazi Decl., Ex. C, Certification of James B. Comey, United States Attorney for the Southern District of New York, dated June 12, 2003.

Upon the June 12, 2003 certification, Defendant removed the action to this Court. The statutory bases for removal, as stated by the Attorney General, were 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). Specifically, the Attorney General claims that Defendant Mount Vernon Health Qualifies as a Public Health Service employee under 42 U.S.C. § 233(h).

Plaintiff has not filed any administrative claims with the United States Department of Health and Human Services ("HHS"). Foster Decl. at ¶ 4.

Defendant now moves to (1) substitute the United States as Defendant for Mount Vernon Health pursuant to 28 U.S.C. § 2679, and (2) upon substitution, to dismiss this action pursuant to 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Plaintiff opposes Defendant's motion and submits a cross-motion seeking re-

mand solely on the basis that the Government failed to timely certify that Mount Vernon Health is an entity deemed to be a federal employee pursuant to 42 U.S.C. § 233.

## DISCUSSION

### I. *Certification and Removal*

■ Section 2679(b)(1) of the Federal Tort Claims Act provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). This provision provides individual Government officers and employees acting within the scope of their employment with absolute immunity against common law tort claims. *See Rivera v. United States*, 928 F.2d 592, 608–09 (2d Cir.1991).

The PHS Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et. seq.* (the "FSHCAA"), and in particular 42 U.S.C. § 233(g), provides that eligible community health centers and their employees are employees of the PHS for certain purposes. The Secretary of Health and Human Services deems a community health center a PHS employee after the center has qualified for certain federal assistance. 42 U.S.C. § 233(g)(1)(A)(G). Once deemed a PHS employee, a community health center enjoys immunity from those acts that relate to its employment, and any actions against it are treated as actions against the United States. 42 U.S.C. § 233(a).

■ Accordingly, the FSHCAA makes the FTCA "the exclusive remedy for specified actions against members of the Public Health Service," *Cuoco v. Moritsugu*, 222

F.3d 99, 107 (2d Cir.2000), and protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such suits be brought against the United States instead." *Id.* at 108.

Pursuant to 42 U.S.C. § 233(c), certification by the Attorney General or his designee prompts the removal of a civil action commenced in state court to the United States district court, and "the proceeding is deemed a tort action brought against the United States under the provisions of title 28 and all references thereto." 42 U.S.C. § 233(c). United States Attorneys "are authorized to make the certifications provided for in ... 28 U.S.C. 2679(d) ... and 42 U.S.C. § 233(c) ... with respect to civil actions or proceedings brought against Federal employees in their respective districts." 28 C.F.R. § 15.3(a). The law further provides that upon certification and removal, the "United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

In this case, Plaintiff does not dispute that Mount Vernon Health qualifies as a public health center under 42 U.S.C. § 233(h). Nor does she dispute that this Court lacks subject matter jurisdiction over plaintiff's tort claims against the United States because she failed to exhaust her administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 1246(b), 2671–80. Instead, Plaintiff contends only that the Government is not entitled to removal because United States Attorney Comey's certification of Mount Vernon Health as an employee of the United States pursuant to 42 U.S.C. § 233, filed over 180 days after Plaintiff filed her summons with notice, was untimely. Plaintiff's Mem. at 2–3; Plaintiff's Reply Mem. at 2–3.

In support of her position, Plaintiff cites to 42 U.S.C. § 233(*l*), entitled "Timely re-

sponse to filing of action or proceeding," which states in relevant part:

(1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) of this section . . . the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity . . . is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity . . . was acting within the scope of their employment or responsibility.

(2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or . . . employee . . . of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

Thus, Section 233(*l*) allows a public health center and/or its employees being sued to remove the case if the Attorney General does not appear within 15 days to advise the Court as to whether such an entity or employee was acting within the scope of employment, and should be deemed a federal employee. *See* U.S.C. § 233(*l*)(2). If such a party removes an action pursuant to 42 U.S.C. § (1)(2), the court will conduct a hearing to determine the proper forum for the case. *Id.*

Plaintiff contends that because its Summons with Notice, filed in State court on September 3, 2002, constituted "notice" to the Government for the purposes of § 233(*l*), the Government's failure to appear in state court within 15 days resulted in improper certification.[1] Plaintiff further argues that the removal statutory scheme, including 42 U.S.C. § 201 *et. seq.* and 28 U.S.C. § 1441, mandates that the removal process "not have taken longer than 75 days" Plaintiff's Reply Mem. at 3.[2]

---

1. The Government counters that the June 13, 2003 removal by the United States Attorney's office would have been timely under § 233(*l*) because the Government did not receive actual notice of plaintiff's pending state court suit until May 30, 2003. Because I find that § 233(c) is the relevant statute here, I make no determination as to when the Government was on notice for the purposes of § 233(*l*).

2. Plaintiff proposes that the proper procedure for certification under 42 U.S.C. § 201 *et. seq.* is as follows: (1) 30 days for Mount Vernon to forward plaintiff's summons with notice to the Department of Health under § 233(b); (2) 30 days for the Department of Health to forward it to the Attorney General under § 233(g) and 15 days to remove it under § 233(*l*). (Plaintiff's Reply Mem. at 3–4). In addition, Plaintiff suggests that this statutory scheme be read so as not to allot more time to the Government for removal than is allotted any other Defendant under the general removal statute 28 U.S.C. § 1441–*i.e.* 30 days. Plaintiff's Reply Mem. at 5. Plaintiff presents no jurisprudential or legislative basis for this interpretation and I decline to create one.

Section 233(b) provides:
The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all

In lieu of granting the Government's motion to dismiss, plaintiff urges that the Court conduct a hearing and make a determination "as to the appropriate forum or procedure for the assertion of the claim for damages" pursuant to Section 233(*l*)(2). Plaintiff's Mem. at 7. Plaintiff's position arises from her misreading of the relevant statutes.

Section 233(*l*) does not apply to Mr. Comey's June 12, 2003 certification, as the removal was based on Section 233(c). The relevant portion of 42 U.S.C. § 233(c), entitled "... proceeding upon removal deemed a tort action against United States ..." states:

> *Upon a certification* by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond *at any time before trial by the Attorney General* to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the

United States under the provisions of Title 28 and all references thereto.

(Emphasis added). There is nothing in the plain language of the statute indicating that the time limit contained in 42 U.S.C. § 233(*l*)(1) controls the timing of the Attorney General's certification and removal process under Section 233(c). To the contrary, the plain language of Section 233(*l*) indicates that the "advisory" appearance by the Attorney General is only *one* means by which the Attorney General can effect a certification. 42 U.S.C. § 233(*l*)(1) ("Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity ... was acting within the scope of their employment or responsibility"); *see also Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir.2003) (noting that the Section 233(*l*)(1) notification process "*also amounts to* a certification" and has the impact of "*effectively* certifying" that the employee was acting within the scope of employment) (emphasis added). The purpose of Section 233(*l*) is therefore twofold: (1) to describe one mechanism by which the Attorney General may effect a "certification" and (2) to allow the party being

---

process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall *promptly* furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary. (Emphasis added). Section 233(g) has many subdivisions which are summarized as follows:

> An entity (a public or nonprofit entity, § 233(g)(4)) must submit an application to the Secretary of Health and Human Services (the "Secretary") to be deemed an entity for the purposes of this section. § 233(g)(1)(D). The Secretary must then, *within 30 days* thereafter determine whether the entity or its employees shall be deemed an employee of the PHS for pur-

poses of this section. § 233(g)(1)(E). If approved by the Secretary, the entity and any of its employees shall be deemed a PHS employee and the remedy against the United States for damages for personal injury resulting from the performance of medical or surgical functions by any PHS employee while acting within the scope of his employment shall be exclusive. § 233(g)(1)(A) and § 233(a).

*Indart, by Indart v. U.S.*, 1998 WL 846774 (E.D.N.Y. Oct. 6, 1998) (emphasis added).

Neither Section 233(b) nor Section 233(g) address the timeliness of the Attorney General's certification. And the plain language of Section 233(c) explicitly allows the Government until the trial date, not just within 30 days, to remove an action brought pursuant to 42 U.S.C. § 201 *et. seq.* Plaintiff's proposed procedure in therefore unavailing.

sued to remove the case if the Attorney General fails to appear. I can see no reason for construing the statute to have any other meaning.

■■■ The Supreme Court has held, "the plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enter. Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Here, the plain meaning of 42 U.S.C. § 233(c) is that once the Attorney General certifies that an entity or individual was acting within the scope of employment during the relevant time period, he may remove an action at any time before trial. There are no time limits before trial restricting when the Attorney General may remove a case upon certification of scope of employment. This interpretation of the statute has been consistently upheld by courts. *See Warren v. Joyner*, 996 F.Supp. 581, 583 (S.D.Miss.1997) (removal of case was timely even though it had been pending in state court for seventeen months); *see also Guerrero v. Alivio Medical Center, Inc.*, No. 03 C. 2492, 2003 WL 21688240, at *1 (N.D.Ill. July 17, 2003) (removal was proper even though it was not filed within thirty days of defendants' receipt of initial papers). By contrast, Plaintiff has failed to cite any cases supporting her interpretation of the statute. Here, the case was properly removed by the Attorney General prior to trial in accordance with 42 U.S.C. § 233(c). The plain language of the statute does not support Plaintiff's interpretation that if the Attorney General fails to appear within 15 days of being notified of the suit, he permanently forfeits the ability to remove an action to state court once a determination regarding scope of employment has been made. I conclude therefore, that the Government's certification and removal were proper.

## II. The United States as the Proper Party

Once the Attorney General or the Attorney General's designee has certified "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action [against the employee] ... shall be deemed an action ... against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2); *see also McHugh v. University of Vermont*, 966 F.2d 67, 74 (2d Cir.1992) (certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee"); *Santiago Rosario v. Estado Libre Asociado de Puerto Rico*, 52 F.Supp.2d 301, 303–04 (D.Puerto Rico 1999) ("Once the United States has determined an entity to be an employee of the Public Health Service, it then extends the protections of the FTCA"). Because Mr. Comey's certification of Mount Vernon Health was proper, Plaintiff's tort claims against Mount Vernon Health are dismissed, and the United States is substituted as Defendant. *See Rodriguez v. United States*, No. 01 Civ. 4975(ILG), 2001 WL 1590516, n. 2 (E.D.N.Y. Nov. 3, 2001) (substituting the United States in place of health clinic deemed a federal employee based on United States Attorney's certification and HHS's deeming letter); *Teresa T. v. Ragaglia*, 154 F.Supp.2d 290, 300 (D.Conn.2001) (same); *Bueno v. Sheldon*, No. 99 Civ. 10348(JGK), 2000 WL 565192, at *2 (S.D.N.Y. May 9, 2000) (same).

## III. Jurisdiction

Upon certification, removal and substitution, the FTCA provides that an action

"shall proceed in the same manner as any action against the United States filed pursuant to Section 1346(b) of this title and shall be subject to the limitations and exceptions application to those [FTCA] actions." 28 U.S.C. § 2679(d)(4). One of the applicable "limitations and exceptions" is that

> [a]n action shall not be instituted upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). *See Bewley v. Campanile,* 87 F.Supp.2d 79, 81 (D.R.I.2000); *Egan v. United States,* 732 F.Supp. 1248, 1250 (E.D.N.Y.1990).

■ Having now been substituted as Defendant, the United States moves to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. A plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996); *In re Joint E. & So. Dist. Asbestos Litig.,* 14 F.3d 726, 730 (2d Cir.1993); *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983). Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court

> to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover,

the plaintiff will have the burden of proof that jurisdiction does in fact exist. *Ensign–Bickford Co. v. ICI Explosives USA, Inc.,* 817 F.Supp. 1018, 1023 n. 7 (D.Conn.1993) (citation omitted). *See also Filetech S.A. v. France Telecom S.A.,* 157 F.3d 922, 932 (2d Cir.1998) (when considering challenge to subject matter jurisdiction, court should consider evidence outside the pleadings to determine whether power to hear case exists). I find that Plaintiff cannot satisfy her burden of establishing this Court's subject matter jurisdiction over her tort claims because she has not exhausted her administrative remedies under the FTCA.

■ Before a claimant may initiate an action against the United States, the FTCA requires that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a) (emphasis added). The requirement that an administrative claim be filed and finally denied "is jurisdictional and cannot be waived." *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.1983); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (FTCA suits are jurisdictionally barred absent exhaustion of administrative remedies); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994) (no subject matter jurisdiction where plaintiff "failed to first present his claim to the appropriate agency"). Plaintiff bears the burden of pleading and proving compliance with statutory requirements. *See In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 210, 214 (2d Cir.1987) (citations omitted) ("The burden is on plaintiff to both plead and prove compliance with the statutory requirements").

There is no evidence on the record in front of me that Plaintiff has ever even filed, let alone filed and been denied, an

administrative claim with HHS—the relevant federal agency in this matter. Therefore, Plaintiff has failed to exhaust her administrative remedies under the FTCA and her claim is dismissed for lack of subject matter jurisdiction. *See Rodriguez,* 2001 WL 1590516, at *2; *Teresa T.,* 154 F.Supp.2d at 300–01; *Bueno,* 2000 WL 565192, at *4; *Santiago Rosario,* 52 F.Supp.2d at 302–04.

## CONCLUSION

The Government's motion to substitute the United States and to dismiss Ms. Celestine's claims against it without prejudice is granted. The Plaintiff's cross-motion to remand is denied, and the clerk is directed to close the case.

In light of this decision, the conference between the parties and this Court that was originally scheduled for 9:00 A.M. on Friday, October 31 is no longer necessary and is therefore canceled.