Taniya **PORTER**, an infant by Desiree **ROBINSON** and Damon Porter, her parents and natural guardians and individually, Plaintiffs,

v.

Daniel **HIRSCH**, M.D., Dineschandra Ghael, M.D., Ira Novich, M.D., Mark Glassman, M.D., Philip Owusu–Ansah, M.D., Lori Semel, M.D., Cynthia Cohen, M.D., Sound Shore Medical Center of Westchester and Mount Vernon Neighborhood Health Center, Defendants.

No. 04 CIV. 4110WCC.

United States District Court,
S.D. New York.

Nov. 22, 2004.

Birbrower, Beldock & Tangredi, PLLC (Jane Pickup, Esq., Of Counsel), White Plains, NY, for Plaintiffs.

David N. Kelley, United States Attorney for the Southern District of New York (Mara E. Trager, Esq. Asst. United States Attorney, Of Counsel), for Defendants Dineschandra Ghael, M.D., Philip Owusu–Ansah, M.D. and Mount Vernon Neighborhood Health Center, U.S. Department of Justice, New York.

Kaufman Borgeest & Ryan LLP (Paul J. Colucci, Esq., Of Counsel), Valhalla, NY, for Defendants Daniel Hirsch, M.D., Ira Novich, M.D., Sound Shore Medical Center of Westchester.

Rosenblum & Tannenbaum P.C. (James Newfield, Esq., Of Counsel), White Plains, NY, for Defendant Mark Glassman, M.D.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiffs Taniya Porter ("Porter"), and her parents, Desiree Robinson and Damon Porter, (collectively "plaintiffs") commenced this action against defendants Mount Vernon Neighborhood Health Center ("Mount Vernon"), and its employees, Dineschandra Ghael, M.D. and Philip Owusu–Ansah, M.D. (collectively the "federal defendants") as well as against Daniel Hirsch, M.D., Ira Novich, M.D., Mark Glassman, M.D., Lori Semel, M.D., Cynthia Cohen, M.D., and Sound Shore Medical Center of Westchester ("Sound Shore") (collectively "defendants").[1] Plaintiffs al-

lege that all defendants were negligent in the care and treatment of Porter and seek monetary damages. All defendants including the federal defendants are sued in their professional capacities. The federal defendants now move (1) to substitute the United States of America (the "United States") as defendant in their place, pursuant to 28 U.S.C. § 2679 and (2) to dismiss the complaint against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons stated herein, these motions are granted. As to the remaining defendants, the dismissal of the claims against the government divests this Court of subject matter jurisdiction, and we therefore remand this action to New York State Supreme Court, County of Westchester, from which it was removed to this Court.

## BACKGROUND

### I. Plaintiffs' Factual Allegations

Plaintiffs' complaint alleges that Porter received negligent medical care and treatment while a patient at Sound Shore and Mount Vernon and specifically charges defendants Ghael, Owusu–Ansah, Hirsch, Novich, and Glassman with responsibility therefor. (V.Complt.¶ 58.) Porter sought treatment from defendants beginning on or about February 22, 2001 and continuing thereafter. (Id. at ¶¶ 6, 12, 18, 24, 30, 35, 41, 49, 56.) Porter alleges that defendants "were reckless, careless and negligent in departing from accepted medical practice in the diagnosis, care, treatment and services rendered ...; in failing to properly diagnose and treat ... in an accepted and timely manner; in causing and contributing to the condition ...; and in being reckless and negligent in the care and

---

**1.** On October 8, 2004, plaintiffs filed separate Stipulations of Voluntary Dismissal as against

defendants Lori Semel, M.D. and Cynthia Cohen, M.D.

treatment." (*Id.* at ¶ 58.) In addition, plaintiffs Desiree Robinson and Damon Porter, as parents and natural guardians of Porter, allege injury resulting from defendants' negligence based on "loss of their daughter's companionship, services, society, emotional support, love and solace" and further allege that they "have been caused great anguish and forced to expend great sums of money" as a result of defendants' actions and omissions. (*Id.* at ¶¶ 61, 62.)

## II. *Procedural History*

On or about August 15, 2003, plaintiffs filed a Summons with Notice in the Supreme Court of the State of New York, County of Westchester against all defendants. The federal defendants assert that pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et seq.* (the "FSHCAA"), they are "deemed to be employees of the United States Government, effective November 21, 1994, for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental or related functions." (Defs. Mem. Supp. Mot. Substitute and Dismiss at 3; Dart Decl. ¶¶ 5, 6, Ex. A.)

In addition, on April 30, 2004, pursuant to 38 U.S.C. § 7316(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.3(a), United States Attorney David N. Kelley, certified that Mount Vernon, Ghael and Owusu–Ansah were acting within the scope of their federal employment in their treatment of Porter. (Trager Decl., Ex. C.) On June 1, 2004, this action was removed to federal court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) which allow the removal of covered tort actions against Public Health Service employees at any time before trial upon the proper certification by the United States Attorney. (Defs.

Mem. Supp. Mot. Substitute and Dismiss at 3.) It should also be noted that, to date, plaintiffs have not filed an administrative claim with the United States Department of Health and Human Services ("HHS"), the appropriate federal agency concerning the claims raised in this action. (*Id.* at 4; Dart Decl. ¶ 4.)

## DISCUSSION

### I. *The Federal Defendants' Motion to Substitute the United States as Defendant*

■ Mount Vernon, Ghael and Owusu–Ansah move to substitute the United States as a defendant in their place to the extent that plaintiffs' claims pertain to acts or omissions on or after November 21, 1994, the date as of which Mount Vernon, and Ghael and Owusu–Ansah, as employees of Mount Vernon, were deemed Public Health Service employees for purposes of the Federal Tort Claims Act ("FTCA"). (Defs. Mem. Supp. Mot. Substitute and Dismiss at 3.)

Suit against the United States is the exclusive remedy for damages "for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions ... by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a); 28 U.S.C. § 1346(b)(1). Further, upon certification by the Attorney General or his designee that a Public Health Service employee named as a defendant in a civil action "was acting within the scope of his office or employment at the time of the incident out of which the claim arose" any such claim brought in any civil action or proceeding in state court "shall be removed ... to the district court of the United States ... [s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United

States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2); *see also* 42 U.S.C. § 233(c).

In the case at bar, pursuant to 28 U.S.C. § 2679(d)(2), 42 U.S.C. § 233(c), and 28 C.F.R. § 15.3(a), the Attorney General's designee has certified that defendant Mount Vernon and its employees, defendants Ghael and Owusu–Ansah, were acting within the scope of their employment at the time they rendered medical care to Porter. (Trager Decl., Ex. C.) Plaintiffs have not challenged that certification. Therefore, the United States is substituted as defendant in the place of Mount Vernon, Ghael and Owusu–Ansah for any acts or omissions in the treatment of Porter. *See McHugh v. Univ. of Vermont,* 966 F.2d 67, 72 (2d Cir.1992); *Bueno v. Sheldon,* 2000 WL 565192, at *2 (S.D.N.Y. May 9, 2000).

## II. *The United States' Motion to Dismiss the Action as Against the United States*

 In anticipation of its substitution as a defendant, the United States has moved pursuant to FED. R. CIV. P. 12(b)(1) to have the action against it dismissed for lack of subject matter jurisdiction. Under the FTCA, a claimant must exhaust all administrative remedies with the appropriate federal agency prior to filing a complaint in federal district court. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury ... or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency ...."); *see also McNeil v. United States,* 508 U.S. 106, 113,

113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (holding that claimants are barred from bringing suit in federal court until they have exhausted their administrative remedies); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994) (dismissing FTCA claim against the United States for lack of subject matter jurisdiction where plaintiff failed to first present claim to appropriate administrative agency); *Bueno,* 2000 WL 565192, at *4 (dismissing FTCA claim against United States for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies). The exhaustion requirement under § 2765(a) is jurisdictional, and failure to exhaust administrative remedies prior to bringing a claim under the FTCA divests the district court of subject matter jurisdiction over that claim. *Bueno,* 2000 WL 565192, at *4.

Here, it appears that plaintiffs have not exhausted their administrative remedies. Indeed, there is no evidence that plaintiffs ever presented their claim to HHS, the appropriate federal agency. (Dart Decl. ¶¶ 1–4.) The fact that plaintiffs have failed to file an administrative claim, as mandated by § 2765(a), requires that the United States' motion to dismiss for lack of subject matter jurisdiction be granted.

## III. *Lack of Subject Matter Jurisdiction as to Remaining Defendants*

 Dismissal of the claims against the United States dissolves the sole basis for this Court's exercise of subject matter jurisdiction over the claims against the remaining defendants. Pursuant to 28 U.S.C. § 1367(a), when district courts in a civil action have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution." At its discretion, a district court may exercise supplemental jurisdiction over state law claims where it has dismissed all claims that were the basis of its original jurisdiction. 28 U.S.C. § 1367(c)(3). However, there must be a proper basis for original federal jurisdiction before a district court may exercise discretionary supplemental jurisdiction. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996) (quoting *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 730 n. 2 (2d Cir.1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims.")); *see also Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir.1992) (recognizing there must be a proper basis for federal jurisdiction in a related claim for a district court to exercise supplemental jurisdiction and if the district court dismisses all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction).

We cannot exercise supplemental jurisdiction over plaintiffs' remaining claims because this Court does not have subject matter jurisdiction over the United States as a defendant. *See* 28 U.S.C. § 1447(c) (providing in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Bueno*, 2000 WL 565192, at *5 (remanding claims to state court against remaining defendants after United States substituted as defendant as to some parties pursuant to FTCA and claims against United States were dismissed for failure to exhaust administrative remedies). The basis for removal of this action from state court was the claim against the federal defendants which was effectively a claim against the United States under the FTCA.[2] Consequently, because there is no original federal subject matter jurisdiction, the action against the remaining defendants is remanded to the New York State Supreme Court, County of Westchester. *See Bueno*, 2000 WL 565192, at *5; *see also Koehler v. Cortland Mem'l Hosp.*, 65 F.Supp.2d 103, 106 (N.D.N.Y.1999) (remanding malpractice claims against remaining defendants to state court upon dismissing claims against United States for failure to exhaust); *see generally Rodriguez v. United States*, 2001 WL 1590516 (E.D.N.Y. Nov. 3, 2001) (same).

### CONCLUSION

For all of the foregoing reasons, the motion of defendants Mount Vernon Neighborhood Health Center, Dr. Dineschandra Ghael and Dr. Philip Owusu–Ansah to substitute the United States of America (the "United States") as defendant is granted. The motion of the United States to dismiss the action as against it is also granted; the dismissal is without prejudice because it is based only on failure to exhaust administrative remedies. As to the claims against the remaining defendants, this action is remanded to New York State Supreme Court, County of Westchester for lack of subject matter jurisdiction.

SO ORDERED.

---

**2.** The United States became a defendant to this action upon substitution pursuant to the FSHCAA and FTCA.