Robenia ROBLES, Plaintiff,

v.

BEAUFORT MEMORIAL HOSPITAL, Annette Bey, M.D. and Elijah Washington, M.D., Defendants.

C.A. No. 9:06–2941–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

Jan. 12, 2007.

Warren Johnson, Darrell T. Johnson Jr., LLC, Hardeeville, SC, for Plaintiff.

Raymond E. Clark, U.S. Attorneys Office, Columbia, SC, for Defendants.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Defendant Annette Bey, M.D.'s ("Bey") and Defendant Elijah Washington, M.D.'s ("Washington")[1] Motion for Substitution of Party. Specifically, the Doctors move for an order substituting the United States of America for Defendants Bey and Washington. For the reasons set forth herein, the court grants the Doctors' Motion for Substitution of Party.

Also before the court is the United States' Motion to Dismiss, or in the alternative for Summary Judgment. For the reasons set forth herein, the court grants the United States' Motion to Dismiss.

## BACKGROUND

Robenia Robles ("Robles" or "Plaintiff") brought suit in the Court of Common Pleas, Jasper County, on April 21, 2006. In that complaint, she alleges that on or about April 21, 2004, she became a patient of the Doctors when she went to their office. (Compl.¶ 7.) She further alleges that she was admitted to Defendant Beaufort Memorial Hospital (the "Hospital") under the Doctors' care and that the Doctors performed an episiotomy and other services related to the birth of her child. (Compl.¶¶ 8, 11.) Plaintiff alleges the Doctors and Hospital were negligent in (1) failing to remove foreign bodies from Plaintiff after performing a surgical procedure, (2) failing to provide health care services to Plaintiff in accordance with the standards of practice required, (3) inappropriately discharging Plaintiff when she needed further treatment, (4) failing to provide appropriate follow-up care, and (5) failing to exercise due care. (Compl.¶ 12.) On October 13, 2006, the United States,

1. In this Order, the court will refer to Bey and Washington collectively as the "Doctors."

acting for Defendants Bey and Washington, removed the case to this court, asserting jurisdiction pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq.* (*See* Notice of Removal at 2.)

On October 17, 2006, the Doctors moved for an order substituting the United States of America for Defendants Bey and Washington. Also on October 17, the United States filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing the court lacks subject matter jurisdiction over Plaintiff's action because she failed to exhaust her administrative remedies. (*See* United States' Mem. in Supp. of Mot. to Dismiss at 3.) In the alternative, the United States seeks summary judgment.

Plaintiff opposes these motions, stating, "[T]he record to date does not reflect that the United States is a proper party. It is also unclear that the Defendant doctors do not have a duty, independent of their employment, to provide competent medical care." (Pl.'s Resp. in Opp'n at 1.) Plaintiff further asserts that publicly available information from the South Carolina Secretary of State indicates that Beaufort–Jasper Comprehensive Health Services is a South Carolina corporation. (Pl.'s Resp. in Opp'n at 2.)

### STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without

converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

### ANALYSIS

### A. Motion to Substitute Party

▉ Pursuant to the Federal Tort Claims Act ("FTCA"),

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This section "contains a limited waiver of the United States's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment." *Robb v. United States,* 80 F.3d 884, 887 (4th Cir.1996). Furthermore, the FTCA "provides that a suit against the United States is the *exclusive* remedy for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment.'" *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 289 F.Supp.2d 392, 395 (S.D.N.Y.2003) (emphasis added) (quoting 28 U.S.C. § 2679(b)(1)). Federal employees thus enjoy "absolute immunity from liability in tort for actions within the scope of their employment." *In re Blackwater*

*Sec. Consulting, LLC,* 460 F.3d 576, 594 n. 10 (4th Cir.2006).

■ The Public Health Service Act, "as amended by the Federally Supported Health Centers Assistance Act of 1995, … provides that eligible community health centers and their employees are employees of the PHS [ (Public Health Service) ] for certain purposes. The Secretary of Health and Human Services deems a community health center a PHS employee after the center has qualified for certain federal assistance." *Celestine,* 289 F.Supp.2d at 395 (citing 42 U.S.C. § 233(g)(1)(A)(G)). As § 233(a) states,

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, … for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Thus, once the community health center is deemed a Public Health Service employee, it "enjoys immunity from those acts that relate to its employment, and any actions against it are treated as actions against the United States." *Celestine,* 289 F.Supp.2d at 395 (citing 42 U.S.C. § 233(a)). In addition to any entity receiving funds under 42 U.S.C. § 254b, " 'any officer, governing board member, or employee of such an entity … shall be deemed to be an employee of the Public Health Service.' " *Barnaby v. Quintos,* 410 F.Supp.2d 142, 143 n. 1 (S.D.N.Y.

2005) (quoting 42 U.S.C. § 233(g)(1)(A)). The suit against the United States is the "exclusive remedy for specified actions against members of the Public Health Service." *Celestine,* 289 F.Supp.2d at 395 (quoting *Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir.2000)); *see also Miller v. United States,* 229 F.3d 1153, 2000 WL 1140726 at *2 (6th Cir.2000) (unpublished table decision) ("The FTCA provides the procedures for medical malpractice suits brought against the United States and is the exclusive remedy for claims asserted against a Public Health Service officer."); *Porter v. Hirsch,* 345 F.Supp.2d 400, 402 (S.D.N.Y.2004) ("Suit against the United States is the exclusive remedy for damages 'for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions … by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.' " (quoting 42 U.S.C. § 233(a))).

If the Attorney General certifies that the defendant "was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in State court shall be removed" to federal court "and the proceeding deemed a tort action brought against the United States." 42 U.S.C. § 233(c). Likewise, 28 U.S.C. § 2679(d)(2) provides that once the Attorney General makes this certification, the action "shall be removed" and "shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." By regulation, United States Attorneys are authorized to issue certifications on behalf of the Attorney General. *See* 28 C.F.R. § 15.3(a);[2] *see also Garcia v. Reed,* 227 F.Supp.2d 1183, 1188 n. 7 (D.N.M.2002).

---

2. The Attorney General or his designee can make the required certification. *See Celestine*

In the case *sub judice*, the Doctors move for an order substituting the United States of America for Defendants Bey and Washington. The Doctors assert this case is a medical malpractice action and that they were full-time employees of Beaufort–Jasper–Hampton Comprehensive Health Services, Inc. ("BJHCHS") at the relevant times.[3] (Defendants' Mem. in Supp. of Mot. for Substitution at 1.) The Doctors further assert that BJHCHS and that they, as its employees, are employees of the Public Health Service. (Defendants' Mem. in Supp. of Mot. for Substitution at 2.) The record contains the Declaration of Richard G. Bergeron, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). In his Declaration, Mr. Bergeron states,

> 5. I have also reviewed official agency records and determined that Beaufort–Jasper Comprehensive Health Services, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective September 23, 1993, and that its coverage has continued without interruption since that time....

> 6. Official agency records further indicate that Dr. Annette Bey and Dr. Elijah Washington were employees of Beaufort–Jasper Comprehensive Health Services, Inc., at all times relevant to the Plaintiff's claim.

(Bergeron Decl. ¶¶ 5–6.) Attached to Mr. Bergeron's Declaration are letters documenting BJHCHS's eligibility for FTCA malpractice coverage.

In Plaintiff's Response in Opposition to the Motion for Substitution of Parties and the Motion to Dismiss, Plaintiff states,

> The 12(b)(6) motion is addressed to the four corners of the Complaint. The Complaint does n[ot] allege, nor does Plaintiff know, that the Defendants are Federal Employees.

> Likewise, the record to date does not reflect that the United States is a proper party. It is also unclear that the Defendant doctors do not have a duty, independent of their employment, to provide competent medical care.

> . . .

> Publically available information from the South Carolina Secretary of State shows Beaufort–Jasper Comprehensive Health Services to be a South Carolina [c]orporation. The Beaufort Memorial web[site] discusses the Defendant's [sic] in glowing detail and never once mentions the Federal Government.

(Plaintiff's Resp. in Opp'n at 1–2.) Plaintiff attaches a copy of information from the South Carolina Secretary of State's website to show that BJHCHS is a domestic non-profit corporation. In her conclusion, the Plaintiff requests that the case be stayed pending exhaustion of administra-

---

*v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir.2005); *see also Cabrera v. Advocate Health & Hosp. Corp.,* No. 00 C 4657, 2000 WL 1700140, at *2 (N.D.Ill.2000).

**3.** The court notes the discrepancy in how the parties refer to BJHCHS. For example, in Plaintiff's Response in Opposition, Plaintiff states that "Beaufort–Jasper Comprehensive Health Services" is a South Carolina corporation, but in her attachment from the South Carolina Secretary of State's website, the entity is named Beaufort–Jasper–Hampton Comprehensive Health Services, Inc. (*See*

Pl.'s Resp. in Opp'n at 2, 4.) Similarly, the United States Attorney refers to the entity as Beaufort–Jasper–Hampton Comprehensive Health Services, Inc., but Richard Bergeron refers to the entity as Beaufort–Jasper Comprehensive Health Services, Inc. in his Declaration. (*See* United States' Mem. in Supp. of Mot. for Substitution of Party; Bergeron Decl. ¶ 3.) As both parties refer to the entity similarly, the court concludes the parties are referring to Beaufort–Jasper–Hampton Comprehensive Health Services, Inc. and will refer to the entity as BJHCHS.

tive remedies upon proper certification by the Attorney General, or in the alternative that the motion be denied.[4] (Plaintiff's Resp. in Opp'n at 2.)

■ Pursuant to 28 U.S.C. § 2679(d)(2), once the Attorney General makes the certification that the defendant employee was acting in the scope of his office or employment, the action "*shall* be removed" and "*shall* be deemed to be an action or proceeding brought against the United States ..., and the United States *shall* be substituted as the party defendant." 28 U.S.C. § 2679(d)(2) (emphasis added). Although the Attorney General's certification does not conclusively establish that the defendant employee was acting within the scope of his employment, the plaintiff has the burden of proving otherwise once the certification has been made. *See Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir.1997). This burden does not apply, however, to the question of whether the individual defendant is a federal employee. *See Ezekiel v. Michel,* 66 F.3d 894, 900 (7th Cir.1995).

■ In the case before this court, Plaintiff does not seem to argue the scope of employment issue; she argues substitution is not proper because the record does not show that the Doctors are federal employees and because "the record to date does not reflect that the United States is a proper party." (Pl.'s Resp. in Opp'n at 1.) Mr. Emery Clark, Assistant United States Attorney, filed the Declaration of Richard G. Bergeron, an attorney with the Department. According to Mr. Bergeron, the Department deemed BJHCHS eligible for FTCA malpractice coverage on September 23, 1993. (Bergeron Decl. ¶ 5.) Because the Department has deemed BJHCHS an employee, then BJHCHS's "officers and employees as well as any of its contractors who are physicians or other licensed or

certified health care practitioners, are also considered government employees." *Cabrera,* 2000 WL 1700140, at *3 (citing 42 U.S.C. § 233(g)(1)(A); 42 C.F.R. § 6.4). Plaintiff's evidence that BJHCHS is a South Carolina non-profit corporation does not indicate that it is not an employee of the federal government, as 42 U.S.C. § 233(g)(4) specifically contemplates non-profit private entities. Furthermore, in the Notice of Removal, Assistant United States Attorney Mr. Clark stated,

> The grounds for removal of this action to ʼthe United States District Court is that the subject action is a civil tort suit against personnel of the United States on account of acts done under the color of Drs. Bey and Washington's lawful duties and authority as employees of Beaufort–Jasper Comprehensive Health Services, Inc., deemed to be employees of the Federal Government."

(Notice of Removal ¶ 3.) The court considers these statements to constitute the necessary certification of scope of employment pursuant to the FTCA. *See Roscoe v. United States,* No. 03–454 JH/LFG, 2004 WL 2377176, at *7 (D.N.M. Sept.9, 2004); *cf. Lacey–Echols ex rel. Lacey v. Murphy,* No. 02–2281(WGB), 2003 WL 23571269, at *1 (D.N.J. Dec.17, 2003) (noting that the United States was substituted as a party where the United States' Notice of Removal stated the defendant doctor was a federal employee acting within the scope of his employment). Accordingly, because Drs. Bey and Washington were employees of the federal government acting within the scope of their employment at the relevant times, this court grants the Doctors' motion to substitute the United States as a party. *See* 28 U.S.C. § 2679(d)(2).

---

**4.** It is unclear whether Plaintiff is here referring to (1) the Motion to Substitute Party or

(2) the Motion to Dismiss, or in the alternative for Summary Judgment.

## B. Motion to Dismiss

■ The FTCA "contains a limited waiver of the United States's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment." *Robb*, 80 F.3d at 887. Because "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, ... the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

■ Pursuant to the FTCA, a plaintiff is required to exhaust his or her administrative remedies prior to bringing suit. Specifically, 28 U.S.C. § 2675 states in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional requirement; if the plaintiff has not exhausted his or her administrative remedies, the court must dismiss for lack of subject matter jurisdiction. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir.1990); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986).

■ In the case *sub judice*, the United States has put forth evidence that Plaintiff did not exhaust her administrative remedies. Specifically, Mr. Bergeron's Declaration indicates the Department has a Claims Branch that "maintains in a computerized database a record of administrative tort claims filed with the Department" and that on searching this database, he found no record of an administrative tort claim filed by Plaintiff relating to Dr. Bey or Dr. Washington. (Bergeron Decl. ¶ 2, 4.) Plaintiff does not seem to argue that she has exhausted her administrative remedies. In her Response in Opposition to Defendants' motions, she states, "THEREFORE, Plaintiff respectfully suggests that upon proper certification by the Attorney General, this case should be stayed pending exhaustion of administrative remedies. Alternatively, the Motion should be denied." (Pl.'s Resp. in Opp'n at 2.) Despite Plaintiff's suggestion, this court cannot stay Plaintiff's case pending exhaustion of her administrative remedies. *See Plyler*, 900 F.2d at 42 ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired."). Accordingly, the court grants the United States of America's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[5]

### *CONCLUSION*

It is therefore **ORDERED,** for the foregoing reasons, that Dr. Bey's and Dr. Washington's Motion for Substitution of Party is **GRANTED.** It is further **ORDERED** that the United States of America's Motion to Dismiss for lack of subject

---

**5.** In light of this holding, this court does not have jurisdiction over Plaintiff's claims against the Hospital. As such, these claims must be remanded to state court.

matter jurisdiction is **GRANTED.** It is further **ORDERED** that Plaintiff's remaining causes of action are **REMANDED.**

**AND IT IS SO ORDERED.**